UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEVIN JAMES,

                Plaintiff,

      v.

JOHNSTONS SUBARU, INC.,

                Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/19/2022

20 CV 06726 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Kevin James ("Plaintiff") brings this action against Johnstons Subaru, Inc. ("Defendant"), asserting a claim of racial discrimination in violation of 42 U.S.C. 1981 ("Section 1981") and New York State Human Rights Law ("NYSHRL"), NYS Exec. Law Section 296. Presently before the Court is Defendant's motion to dismiss the Complaint. (ECF No. 10.) For the following reasons, the motion is DENIED.

## BACKGROUND

    The following facts are taken from Plaintiff's Complaint (ECF No. 1) and are accepted as true and construed in the light most favorable to Plaintiff for purposes of this motion.

    Plaintiff is a 52-year-old African American man who worked as a detailer for Defendant for six years. (Compl. ¶¶ 1, 4.) Plaintiff alleges he was subjected to racist comments made and condoned by Defendant's owner, Steve Jardine. (*Id*. ¶ 5.) Jardine used racial slurs multiple times while speaking to or around Plaintiff. (*Id*. ¶¶ 6-7.) In addition, Plaintiff reported multiple instances of racist language and conduct to management, including employees using racial slurs, comments supportive of white supremacy, and one employee calling Plaintiff a monkey. (*Id*. ¶¶ 8-12.) Nothing was done to correct this behavior. (*Id*.)

On February 16, 2020, a Caucasian employee left his car with Plaintiff and a minority co-worker, Angel, to be detailed. (*Id*. ¶ 14.) Later that day, the employee came back and began cursing at Angel because his car was not yet detailed. (*Id*. ¶ 16.) The two men began to fight, which Plaintiff attempted to break up and deescalate. (*Id*. ¶¶ 18-19.) Following this incident, Plaintiff reporting what he witnessed to management. (*Id*. ¶ 20.) The local police arrived after the fight, but Plaintiff declined to cooperate with the police. (*Id*. ¶¶ 22-25.) Jardine made the decision to terminate only Plaintiff and Angel. (*Id*. ¶¶ 28, 32.) Defendant claimed Plaintiff was fired because he was "disloyal." (*Id*. ¶ 29.)

Plaintiff initiated this action on August 21, 2020. (ECF No. 1.) Defendant filed a motion to dismiss on January 26, 2021. (ECF No. 10.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.

While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 662, 678 (quoting *Twombly*, 550 U.S. at 555). The critical inquiry is whether the plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A

motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## DISCUSSION

Plaintiff's Complaint alleges he was terminated from his employment because of his race in violation of Section 1981 and the NYSHRL. The Court will examine each claim below.

### I. Section 1981

Section 1981 provides, in relevant part:

> [a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). Section 1981 "outlaws discrimination with respect to the enjoyment of benefits, privileges, terms, and conditions of a contractual relationship, such as employment." *Henry v. NYC Health & Hosp. Corp.*, 18 F. Supp. 3d 396, 410 (S.D.N.Y. 2014) (quoting *Patterson v. Cty. of Oneida, N.Y.*, 375 F.3d 206, 224 (2d Cir. 2004)).

To establish a claim under Section 1981, a plaintiff must allege: (1) that he or she is a member of a protected class; (2) the defendant's intent to discriminate on the basis of race; and (3) discrimination concerning one of the statute's enumerated activities. *Brown v. City of Oneonta*, 221 F.3d 329, 339 (2d Cir. 1999). In addition, "a plaintiff must . . . prove that, but for race, [he] would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020).

A claim of discrimination under Section 1981 requires a showing of intentional discrimination. *Gen. Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 391 (1982). Therefore, at the pleading stage, a plaintiff must "specifically allege the 'circumstances giving rise

to a plausible inference of racially discriminatory intent.'" *Wade v. Kay Jewelers, Inc.*, No. 3:17-cv-990 (MPS), 2018 WL 4440532, at *7 (D. Conn. Sept. 17, 2018) (quoting *Yusuf v. Vassar Coll.*, 35 F.3d 709, 713 (2d Cir. 1994)).

Here, Defendant argues that Plaintiff has failed to present factual allegations that would allow the Court to infer that but for his race, he would not have been fired.  (Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to F.R.C.P. 12(B)(6) ("Mem.") ECF No. 15 at 5-8.)  Specifically, as Plaintiff's Complaint alleges that he was told that he was terminated for being disloyal to his employer, this presents an alternative reason for the termination.  (*Id*.)  However, the fact that Plaintiff's supervisor alleged a nondiscriminatory explanation for his termination does not mean that Plaintiff's race is not a but-for cause of his termination, as "[o]ften, events have multiple but-for causes." *Bostock v. Clayton Cty.*, 140 S. Ct. 1731, 1739 (2020).  This means that "a defendant cannot avoid liability just by citing some *other* factor that contributed to its challenged employment decision," which is what Defendant has done here.  *Id*. (emphasis in original).

Plaintiff alleges that two employees, one minority and one Caucasian, got into a physical altercation that he observed, and only Plaintiff and the other minoroity employee were fired.  Plaintiff also alleges a history of racist remarks made by his supervisor and other employees that went unpunished.  These allegations are sufficient at this stage to infer that but for his race, Plaintiff would not have been terminated.  *See Craven v. City of N.Y.,* No. 19-CV-1486 (JMF), 2020 WL 2765694, at *6 (S.D.N.Y. May 28, 2020) (denying a motion to dismiss a Section 1981 claim for unequal pay as the plaintiff "alleges that she was equal to or more experienced than Schaffroth and that he is white while she is black"); *Calvelos v. City of New York*, No. 19 civ. 6629 (CM), 2020

WL 3414886, at *12 (S.D.N.Y. June 22, 2020) (stating that the but for cause requirement is "easily surmounted" at the pleading stage).

Accordingly, Defendant's motion to dismiss Plaintiff's Section 1981 claim is denied.

### II. NYSHRL

Defendant also moves to dismiss Plaintiff's NYSHRL claim as the Court cannot exercise supplemental jurisdiction over the state law claim if the Section 1981 claim is dismissed. (Mem. at 8.) However, The Court has upheld Plaintiff's Section 1981 claim, and therefore may continue to exercise supplemental jurisdiction over the NYSHRL claim.

Accordingly, Defendant's motion to dismiss Plaintiff's NYSHRL claim is denied.

### CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is DENIED. Defendant is directed to answer the complaint on or by June 3, 2022.

Dated: May 19, 2022  
White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge